1  Paul Henreid, Esq. - State Bar No: 214527

2  1610 Nw 33rd St

3  Lawton, Oklahoma 73505

4  (580) 280-4171 / phenre@gmail.com

5  Plaintiff In Propria Persona

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  PAUL HENREID,                          Case No.  2:25-cv-01379

12                                         Jury Trial Demanded

             Plaintiff,
13                                         **CIVIL ACTION SEEKING**
                                           **STATEWIDE OR NATIONWIDE**
14     v.                                  **RELIEF TO REDACT/REMOVE**
                                           **LIMITED CONTENT FROM**
15                                         **PUBLIC RECORD ON APPEAL**
                                           **AND INTERNET**
16  GAIL RUDERMAN FEUER;
                                             1. 42 U.S.C. § 1983 – deprivation of
17  DOES 1-10                                    federal rights
                                             2. Injunctive Relief
18             Defendants.                    3. Specific performance
                                             4. Equitable Estoppel
19                                           5. Defamation Per Se
                                             6. Invasion of Privacy: False Light;
20                                              Intrusion Upon Private Affairs;
                                                Public Disclosure of Private Facts
21                                           7. Intentional Infliction of Emotional
                                                Distress
22                                           8. Fraud or Deceit – Intentional
                                                Misrepresentations
23                                           9. Fraud or Deceit – Intentional
                                                Misrepresentations to Others
24                                          10. Tax Fraud
                                            11. Declaratory Relief
25                                          12. Malicious Prosecution

26

27

28

                                    1

When it comes to this I should prefer emigrating to some country where they make no pretence of loving liberty -- to Russia, for instance, where despotism can be taken pure, and without the base alloy of hypocracy [sic].

August 24, 1855 ~ President Abraham Lincoln

## JURISDICTION AND VENUE

### I.    Federal Question

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. This case raises federal questions regarding the deprivation of rights "secured by the Constitution and laws."  42 U.S.C. § 1983.

### II.    Diversity of Citizenship

"[T]he matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."  28 U.S.C. § 1332(a)(1); Fed. R. Civ. P. 8(a).   Plaintiff is a citizen of Oklahoma.  Defendant is a citizen of California.

### III.    Venue

"A civil action may be brought in (1) a judicial district in which any defendant resides … (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). "There is a presumption that the county in which the plaintiff chose to file the action is the proper county. …The burden rests on the party seeking a change of venue to defeat the plaintiff's presumptively correct choice of court." *Battaglia Enters., Inc. v. Superior Court*, 215 Cal. App. 4th 309, 313 (2013).

## PARTIES

### I.    Plaintiff

A. Private Figure

Plaintiff is a private figure, and has never been a public figure.

CIVIL COMPLAINT

Plaintiff has never been a candidate on a ballot for public office or held any position of public office.

Plaintiff has never been a celebrity, professional athlete, politician, judicial officer, or television/movie/radio Talent.

### B. Officer of the Court

Plaintiff has been an active member of the State Bar of California in good standing since 2001 with no disciplinary record or complaints.  Plaintiff is licensed in all United States District Courts in California and the United States Court of Appeals for the Ninth Circuit.

California Rule of Court 9.7. *Oath required when admitted to practice law*:

> the oath to be taken by every person on admission to practice law is … "As an officer of the court, I will strive to conduct myself at all times with dignity, courtesy and integrity."

### C. Volunteer Community Service

Rural Town Councils are ad hoc volunteers that serve as liaisons between rural communities and the 5th supervisorial district of Los Angeles County.

Rural Town Councils are akin to a neighborhood watch program with no law-making authority or government funding.

Any relationship between plaintiff and any rural town council in Los Angeles County was 100% voluntary (without pay or compensation) and informal, i.e., without a formal election or required regular attendance or duties.

For over a decade, plaintiff has volunteered weekly to clean up litter and trash and landscape along public roadways and vacant land.  Plaintiff has paid thousands of dollars out of pocket to others to assist in community clean-up.[1]

---

[1] No one else has probably done more volunteer landscaping with motorized equipment and clean-up of trash along public roads littered by savages.  Haters should know who and what they are hating on – a volunteer trashman of litter who provides sustenance to friendly rescue animals and thinks most people suck.

CIVIL COMPLAINT

## II.    Defendants

Defendant or defendant(s) refers to defendant(s) in this case.

"Defendants" plural refers defendants in this case and the related pending civil action in the United States District Court for the Eastern District of California, Case No. 2:23-cv-02797-DJC-DB ("Related Civil Action").

Upon information and belief, each fictitiously named Doe defendant is responsible in some manner for the occurrences and damages alleged herein and was acting as agent for the other(s). Plaintiff is unaware of the true names and capacities of Does and will seek leave to amend if/when such information is ascertained.

Defendant Gail Ruderman Feuer ("Def. Feuer" or Defendant or Defendant(s)) is a citizen of the State of California with her principal place of business at Ronald Reagan State Building, 300 South Spring Street, Los Angeles, California 90013. The complaint seeks monetary damages from Def. Feuer in her individual capacity, and equitable relief in her official capacity. Def. Feuer was the acting presiding justice of the seventh division solely responsible for ruling on the administrative ruling on the appellate motion for sanctions and request for judicial notice in support under California Evidence Code section 451.

Doe 1 is reserved for the Administrative Presiding Justice of the Second District of the California Court of Appeal when plaintiff used the contention procedure in California Rule of Court 10.1014. Oversight of administrative presiding justices (adopted effective September 1, 2023). Plaintiff will seek leave of court to amend the pleadings when identity is confirmed.

## CONSENT TO SUIT

In 2024, plaintiff submitted a timely claim pursuant to the California Government Tort Claims Act, Cal. Gov't Code § 810 et seq., regarding the matters herein. On August 14, 2024, Patricia Guerrero, Chief Justice of California Supreme Court and Chair of the California Judicial Council, rejected plaintiff's claim, but

CIVIL COMPLAINT

1    consents to suit stating: "you have only six (6) months … to file a court action on

2    this claim. See Government Code section § 945.6." *Gonzales v. Cty. of L.A.*, 199

3    Cal. App. 3d 601, 605-06 (1988).

4    **TOLLING**

5       California Emergency Rule of Court 9; the Related Civil Action; Los

6    Angeles Superior Court Case No. 19STCV20592 filed June 12, 2019 ("Underlying

7    Defamation Action"); Court of Appeal Case No. B314741; California Supreme

8    Court Case No. S284356; *Henreid v. Kodner Watkins LC, et al*, United States

9    District Court for the Eastern District of Missouri – Eastern Division, Case No.

10   4:23-cv-00249-HEA; and other timely efforts by plaintiff, including motions,

11   requests, demands, claims, submissions, complaints, communications,

12   correspondence, and contentions, to exhaust available state remedies and remove,

13   retract, mitigate, or otherwise right the wrongs at issue, toll limitations under

14   applicable statutes and the doctrine of equitable tolling to the extent permitted by

15   law.

16   **GENERAL AVERMENTS**

17       "A statement in a pleading may be adopted by reference elsewhere in the

18   same pleading." Fed. R. Civ. P. 10(c). Accordingly, all statements and allegations

19   herein are realleged and incorporated against all defendants.

20      This complaint does not make any legal argument or legal conclusion that

21   judicial notice constitutes a "declaratory decree" under 42 U.S.C. § 1983.

22       Plaintiff learned of the Intentional Misrepresentations existing in the

23   unauthorized Settled Statement on Appeal (despite numerous prior objections and

24   demands to stop and retract) on June 1, 2023 when responding to the new trial court

25   judge's Order Granting Plaintiff's Motion to Strike that authorized the plaintiff to

26   identify and redact the Intentional Misrepresentations from the public court record.

27       The Intentional Misrepresentations in the unauthorized Hijacked Settled

28   Statement were disseminated and filed via True Filing in the Record on Appeal by

CIVIL COMPLAINT

1  the Court of Appeal on March 1, 2024 despite repeated objections and motions.

2          Even after demands to retract, motions, and court orders, defendants

3  repeatedly and maliciously continued fabricating and disseminating the Intentional

4  Misrepresentations that prior to the appeal were never in any document.

5          Defendants repeatedly and maliciously continued fabricating and

6  disseminating the Intentional Misrepresentations to change official government

7  records and facts in Judicial Notice.

8          The defendants misrepresented the disposition of a case from almost thirty

9  years ago in a different state that was dismissed and statutorily closed and

10  confidential by operation of law for decades – a case that never utilized discovery

11  or fact-finding procedures prior to dismissal – no depositions, no witnesses, no jury

12  trial, no discovery, no affidavits or declarations, no written discovery, etc.

13  Defendants fabricated arrests, convictions, and crimes never alleged or stated in any

14  document (collectively "Intentional Misrepresentations" or "Clearly Erroneous

15  Representations").  To the extent the Intentional Misrepresentations are an attempt

16  to alter, re-adjudicate, or re-litigate closed and confidential matters from three

17  decades ago in a different state, defendant(s) under color of law deprive plaintiff of

18  due process, equal protection, cruel and unusual punishment, and double jeopardy,

19  rights "secured by the Constitutional and laws."  42 U.S.C. § 1983.

20          Defendant(s) would not be committing this misconduct if plaintiff were

21  female and this violates the equal protection clause and other federal laws.

22          None of the dismissed charges made confidential by operation of law

23  decades earlier in Missouri were among any of the crimes fabricated in the

24  Intentional Misrepresentations. Cal. Rules of Court, rule 2.503; Cal. Penal Code §

25  13303; Mo. Rev. Stat. §§ 610.140 ("order of expungement granted pursuant to this

26  section shall be considered a complete removal of all effects of the expunged

27  conviction. … the effect of such order shall be to restore such person to the status

28  he or she occupied prior to such arrests, pleas, trials, or convictions as if such

events had never taken place."); Mo. Rev. Stat. § 610.120;[2] Mo. Rev. Stat. § 610.105;[3] *State ex rel. Knight v. Barnes*, 723 S.W.2d 591, 592 (Mo. Ct. App. 1987).[4]

Inquiry into dismissed charges made confidential by operation of law because they were not convictions, the statement at issue, and therefore not relevant. "No evidence is admissible except relevant evidence." Cal. Evid. Code § 350.

Inquiry into the sole expunged count was not relevant or permitted by law; making it the focal point defied the clear intent of the legislature:

> No person as to whom such order has been entered shall be held thereafter under any provision of law to be guilty of perjury or otherwise giving a false statement by reason of his or her failure to recite or acknowledge such arrests, pleas, trials, convictions, or expungement in response to an inquiry made of him or her <u>and no such inquiry shall be made for information relating to an expungement</u>.

Mo. Rev. Stat. § 610.140.8 (underline added). Even without expungement, the defamatory statement in the Underlying Defamation Action could not be true as a matter of law.[5]

Defendant(s) joined the conspiracy to fabricate and disseminate the Erroneous Representations in the public court record and ultimately the internet to disparage, defame, and discredit the plaintiff irreparably and is responsible for all

---

[2] "All records which are closed records shall be removed from the records of the courts, administrative agencies, and law enforcement agencies which are available to the public and shall be kept in separate records which are to be held confidential and, where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case."

[3] "If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated."

[4] "It is, therefore, quite obvious that the intent of the legislature was to close these records to the general public. Section . … where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case. If retyping or rewriting is not feasible because of the permanent nature of the record books, such record entries shall be blacked out and recopied in a confidential book."

[5] Ruling on Plaintiff's Motion for Reconsideration "acknowledges… invasion of privacy, which is not multiple conviction, is not a sex crime and is a statute that does not involve minors not a sex crime and is a statute that does not involve minors."

CIVIL COMPLAINT

1  acts done as part of the conspiracy, whether the acts occurred before or after joining

2  the conspiracy.

3      Defendant(s) was acting or purporting to act in the performance of her

4  official duties and her misconduct deprived plaintiff rights "secured by the

5  Constitution and laws" and was a substantial factor in causing harm to plaintiff.  42

6  U.S.C. § 1983.

7      Police departments are sued for wrongful arrests and prosecutors for

8  malicious prosecution.  The misconduct here is beyond arrests and prosecutions

9  because it jumps straight to fabricating convictions and a non-existent criminal

10  record, crimes never alleged, and the most defamatory words in the English

11  language never previously used.  The misconduct violates and defeats the purpose

12  of judicial notice and official government records whose purpose is to establish

13  undisputed facts and make litigation more efficient.

14      Defendant(s) misconduct against plaintiff was in retaliation to filing a motion

15  to recuse for bias because she would not take mandatory judicial notice or do

16  anything about the Erroneous Representations, which was writing on the wall

17  regarding her bias as it pertained to both the appeal and the administrative action.

18      Defendant(s) knew the Erroneous Representations were in a text searchable

19  format and can proliferate from the court public record to the internet permanently

20  without recourse or remedy, and can be twisted into other defamatory statements by

21  algorithms and searches that also have no remedy or recourse.

22      Defendant(s) know and believe some jurisdictions have affirmative defenses

23  that allows persons to repeat false and defamatory information published by

24  "authoritative" or "reliable" sources, and know and believe a tribunal is such a

25  source.

26      Defendants have always known and believed 100% of readers would believe

27  the Erroneous Representations because they were in a public court record.

28      Defendant(s) aided and abetted committing a tort with defendants in the

CIVIL COMPLAINT

1  Related Civil Action, and this substantial assistance was a substantial factor in
2  harming plaintiff.

3      Defendant(s) intentionally intruded into plaintiff's private affairs as a litigant
4  and officer of the court in a highly offensive manner in a court setting where
5  plaintiff had a reasonable expectation of privacy from such an intrusion.

6      Defendant(s) misconduct was more than malicious prosecution because it is
7  malicious conviction.

8      The defendant does not have the authority to fabricate a false criminal record
9  against anyone.

10     Her actions were beyond her jurisdiction and judicial capacity of any judicial
11 officer and shock the conscience by obliterating due process and the Constitution.

12     By allowing such deceitful and damaging statements into the record on appeal,
13 rejecting the mandatory request for judicial notice of related superior court
14 proceedings, and certifying the defamation per se in the record on appeal was
15 beyond the judicial capacity or jurisdiction of any judicial officer.

16     Fabricating and attributing criminal convictions for felonies and the most
17 heinous sex crimes like rape and child molestation to a litigant knowing they were
18 never even alleged anywhere three decades before in a different state or anywhere
19 any time or in any document, let alone formally charged, prosecuted, or convicted
20 is the antithesis of the function of a judicial officer.

21 ## NO APPELLATE REVIEW, JUDICIAL REVIEW OF STATE COURT
22 ## ADMINISTRATIVE ACTIONS

23     This complaint does not seek any appellate review.

24     This complaint does not seek judicial review of the trial court judgment in
25 the Underlying Defamation Action or the appeal in Court of Appeal Case No.
26 B314741.

27     This complaint seeks judicial review of administrative actions and omissions
28 by the defendant regarding the certification and publication of *damaging and*

CIVIL COMPLAINT

1   *clearly erroneous representations of his past criminal history* in the record on

2   appeal knowing they were fabricated and false.

3        This complaint seeks judicial review to determine if she had the authority to

4   arbitrarily alter a citizen's criminal record by adding criminal convictions and

5   arrests never alleged, arbitrarily alter judicial notice regarding a citizen's criminal

6   record, arbitrarily alter official government records pertaining to a citizen's criminal

7   record,  official government records, acted outside her judicial capacity and "caused

8   the deprivation of any rights, privileges, or immunities secured by the Constitution

9   and laws."  42 U.S.C. § 1983.

10       Prior state court rulings are referenced for background and evidentiary

11  purposes to prove intent, malice, motive, mindset, retaliation, collusion, conspiracy,

12  fraud, etc. and the elements of the causes of action.

13       The parties should be able to present expert witnesses, expert testimony,

14  expert reports, and expert opinions regarding the state court rulings to prove or

15  defend the prima facie case.

16                **UNDERLYING DEFAMATION PER SE ACTION**

17       Plaintiff's criminal history record was the central issue in Los Angeles

18  Superior Court Case No. 19STCV20592 filed June 12, 2019 ("Underlying

19  Defamation Action") because the defendant published to others in writing that

20  plaintiff had "criminal convictions for sex crimes with minors."  It was impossible

21  for this statement to be true as a matter of law.[6]  On June 11, 2021, the jury returned

22  a Special Verdict finding the defamatory statements were false.

23       Notwithstanding finding in plaintiff's favor, the jury should not have been

24  instructed to determine whether the defamatory statement was true or false because

25  "All questions of law (including but not limited to questions concerning the

26  construction of statutes and other writings, the admissibility of evidence, and other

27
28  [6] *See* complaint in Related Civil Action. At trial plaintiff projected Missouri statutory code and chapters on the wall to show jurors Invasion of Privacy was not a sex offense.  Determining whether the statement regarding plaintiff's criminal record was true or false involved statutory interpretation.

                                      10

                                                          CIVIL COMPLAINT

1  rules of evidence) are to be decided by the court." Cal. Evid. Code § 310(a).[7]

2  ## CLEAN CRIMINAL RECORD

3      Plaintiff's criminal history record was the central issue in the Underlying

4  Defamation Action. It was well-established by undisputed facts and laws in Judicial

5  Notice, official government records, background searches and reports, discovery,

6  motions, stipulations, and declarations the plaintiff had a clean criminal record with

7  no convictions, arrests, indictments, complaints, or pleas.

8      Dated September 10, 2018, the State of California Department of Justice –

9  Bureau of Criminal Information and Analysis "search of your [plaintiff]

10  fingerprints did not identify with any criminal history record."

11     A *National Criminal Background Check* from www.backgroundchecks.com

12  found "No Criminal Hits."

13     A Criminal Record Check on February 17, 2020 by the Missouri State

14  Highway Patrol – Criminal Justice Information Services Division "revealed no

15  criminal conviction or sex offender information."

16  ## DEFAMATION PER SE (AGAIN)

17     Nonetheless, with premeditation and malice, the defendants repeatedly

18  fabricated and published to others in the public court record the most defamatory

19  per se words in the English language and the most heinous sex crimes against the

20  plaintiff using the plaintiff's name (not a general reference to "plaintiff" or

21  "appellant"), knowing these crimes were never alleged against the plaintiff, let

22  alone formal investigation, information, arrest, indictment, complaint, charge, plea,

23  dismissal, expungement, and/or conviction.

24     Specifically, beginning in September 2022, defendants published to others in

25  public court records after the jury trial was over and the case was on appeal that

26  plaintiff (by name instead of general reference to "plaintiff" or "appellant") had

27
28

[7] *State v. Van Buren*, 98 P.3d 1235, 1241 (Wash. Ct. App. 2004) ("defendant's criminal record … is not a factual matter for the jury and thus is properly determined by the … judge."). "Interpretation of a statute presents a question of law." *Journey v. State*, 895 P.2d 955, 957, fn. 5 (Alaska 1995).

CIVIL COMPLAINT

"*conviction for statutory rape, and the charges for distributing child pornography
and child molestation … child abuse*" (aka "Clearly Erroneous Representations" or
"Intentional Misrepresentations" or "Defamation" interchangeably).[8]

The sloppy grammar and using plaintiff's name instead of general reference
to "plaintiff" or "appellant" is "evidence … of oppression, fraud, or malice." Cal.
Civ. Code § 3294.

The timing of these gratuitous statements after a jury trial for defamation
while on appeal is evidence of malicious intent because even if true, they are not
relevant, and therefore inadmissible.[9]

## NEW TRIAL JUDGE GRANTS MOTION TO STRIKE AND REDACTS "*DAMAGING AND CLEARLY ERRONEOUS REPRESENTATIONS.*"

Los Angeles Superior Court, Case No. 19STCV20592, Order July 10, 2023:
**the Court determines that there exists an overriding
interest in protecting Henreid from damaging and
clearly erroneous representations of his past criminal
history overriding the right of public access to the
record and supporting sealing the record, where a
failure to seal the record will prejudice the interest by
leaving this information for reproduction in the public
sphere.**

Defendant(s) denied mandatory judicial notice of this Order and other
"matter[s] made a subject of judicial notice" in plaintiff's request for judicial notice
in support of his administrative appellate motion for sanctions. Cal. Evid. Code §
451.

## CALIFORNIA PRESIDING APPELLATE JUSTICE WEAPONIZES RECORD ON APPEAL AGAINST LITIGANT AND OFFICER OF THE COURT BY CERTIFYING FALSE CRIMINAL CONVICTIONS AND CHARGES FOR RAPE AND CHILD MOLESTATION KNOWING SUCH CRIMES WERE NEVER ALLEGED, LET ALONE FORMALLY

---

[8] These are not fighting words; they are killing words.  If someone goes to jail for such crimes they can be injured or killed.  Imagine the damage to a professional career.
[9] "No evidence is admissible except relevant evidence."  Cal. Evid. Code § 350.

CIVIL COMPLAINT

**CHARGED OR CONVICTED.**[10]

The Clearly Erroneous Representations were at issue in the plaintiff's administrative appellate motion for sanctions filed April 20, 2023 and supporting request for judicial notice of related superior court proceedings that redacted them from the trial court public record filed September 14, 2023.

Defendants knew when they certified and published the Clearly Erroneous Representations in the public record on appeal January 15, 2024 that none of the fabricated crimes had been alleged against the plaintiff, let alone formally charged, arrested, indicted, or convicted.

Defendants knew when they issued their opinion that included an administrative ruling denying sanctions citing the litigation privilege on February 16, 2024 the Clearly Erroneous Representations in the public record on appeal January 15, 2024 and at all other dates herein that none of the fabricated crimes had been alleged against the plaintiff, let alone formally charged, arrested, indicted, or convicted.

Defendants knew and believed at all times that the timing of the Erroneous Representations in terms of stage of litigation was unnecessary to the objectives of litigation because the undisputed facts regarding the criminal record had been long established and undisputed by judicial notice and official government records.

Defendants knew and believed that any reference at any time during the litigation to charges, arrests, indictments, dismissals, expunged offenses, etc. were not relevant because the defamatory statement and therefore issue pertained to whether plaintiff had *multiple convictions*.

Defendants knew and believed the defamatory statement at issue in the Underlying Defamation Act never referenced anything other than *convictions*, statements about charges, arrests, dismissals, pleas, expungements, alleged facts in the underlying case thirty years before in a different state, etc. were not relevant,

---

[10] *See* Operation Mockingbird.

CIVIL COMPLAINT

1    even if true.

2        Defendants knew and believed "No evidence is admissible except relevant

3    evidence."  Cal. Evid. Code § 350.

4                **EXHAUSTION OF STATE REMEDIES**

5        Plaintiff exhausted available state remedies to remove, redact, remedy,

6    mitigate, and/or correct the wrongs described herein.  Declaratory relief was not an

7    available option.

8        **1)  Objection at Trial Court Hearing September 30, 2022**

9        The original trial court judge that retired one day after plaintiff filed

10   Appellant's Opening Brief ("the Backwards Brief") in Court of Appeal Case No.

11   B314741 set a hearing sua sponte for September 30, 2022 regarding Form APP-014

12   Appellant's Proposed Settled Statement even though respondent had not objected

13   and was five-months late by the time he took the cue and filed a response.[11]  The

14   first appearance of the Clearly Erroneous Representations was in this five-months

15   late response.

16       Plaintiff first became aware of the Clearly Erroneous Representations on

17   September 30, 2022 shortly before the video conferenced trial court hearing.

18       Plaintiff objected, arguing he would have been taken away in handcuffs for

19   doing the same and requested sanctions and to seal, redact, remove, or otherwise

20   correct the defamatory content so it would not remain in the public court record,

21   exposed to proliferation over the internet.  It was agreed this language would be

22   removed from the record and never repeated.

23       Retired Judge's Minute Order from the hearing dated September 30, 2022

24   states:  "Plaintiff's counsel shall incorporate Defendant's responses and file and

25   serve a proposed [sic] final settled statement within 10 days."  The deadline for

26   Plaintiff was October 10, 2022 and the next hearing was October 11, 2022, which

27

28   _____
     [11] Communication and collusion among conspirators (aka Nanu Nanu) is often non-verbal cues or body language
     akin to a third base coach.

                                14

1    was continued to October 14, 2022.  On October 8, 2022, a Saturday, days before

2    the deadline, attorney Haynes e-mailed an unauthorized (Hijacked) "proposed

3    substitute" via a backdoor e-mail to the trial court rather than the normal certified

4    public electronic filing system.  Haynes' e-mail to smcdept40@lacourt.org states:

5        I received no proposed order from Mr. Henreid.  I am submitting the
         attached order as a proposed substitute.  I don't know if my electronic
6        filing will reach the court on time, so I am sending this directly to the
         department.  Please provide this to the judge for our hearing Monday
7        at 8:30 am.

8        Haynes' litigation strategy is trickery and deceit by implying plaintiff missed

9    a deadline by stating, "I received no proposed order from Mr. Henreid."  However,

10   the deadline was not until the following Monday, October 10, 2022.  Haynes'

11   deceitful e-mail implies the plaintiff was late and requests the e-mail be forwarded

12   directly to the judge to minimize the chance a clerk would reject his *proposed*

13   *substitute* because it was not authorized by the September 30, 2022 Minute Order.

14       To date, the Hijacked Settled Statement Haynes unlawfully submitted as a

15   proposed substitute has no filing entry on the trial court docket; yet it became the

16   certified Record on Appeal by the defendant(s) on January 15, 2024. Each of the

17   following dates is a separate action by defendant(s), a separate occurrence, a

18   separate nail in the coffin when defendant(s) could have done right instead of more

19   wrong:

20       February 16, 2024 - Appellate opinion issued

21       March 12, 2024 - Denied Petition for Rehearing to modify administrative

22       ruling by redacting Clearly Erroneous Representations

23       June 5, 2024 - Issue remittitur and close Appellate Case No. B314741.[12]

24   **2) *Demand to Retract Defamatory Statements from Public Court Record***

25   **  *from Plaintiff to Opposing Counsel – October 11, 2022:***

26       mitigate your damages by retracting your defamatory

27
      ---
      [12] Even if the Chief Justice's argument regarding the accrual date for statute of limitations was correct, it would only
28   mean instead of hitting separate nails into the coffin, the defendant(s) hit a single nail several times at different times.
      De cualquier manera, lo incorrecto es lo incorrecto y lo correcto es lo correcto.

CIVIL COMPLAINT

statements from the public court record.  If you refuse, it will just add more proof of your malice and abuse of process in attempting to use a litigation privilege to intentionally defame someone in the worst possible way by intentionally injecting defamatory content into a public court record that can easily leak onto the internet.  If someone reads a "snipid" as Google calls them from a court file where the attorney of record, an officer of the court, writes such statements, the public (myself included) would assume such statements were true.  Surely, no officer of the court, let alone the attorney of record in a case from start to finish would write such statements unless they were true.

On the same day, Haynes never apologized or offer to retract or correct his intentional misrepresentations.  Instead, the habitual liar threatened sanctions: "Rule 11 still exists, and given the absolute privilege, any action filed in federal court would face that motion immediately."  Haynes defended his defamatory statements as good lawyering: "My actions were not unethical, just good lawyering."  Haynes repeated the Erroneous Representations at least six different times after the plaintiff's initial discovery and objections September 30, 2022 and did file a motion for sanctions in response to a timely filed complaint and Request for Entry of Default (required by CRC 3.110(g)) in the Related Civil Action.[13]

Defendant(s) knew about all of this because it was in the administrative filings in the Court of Appeal (not the appeal or appellate briefs); defendant(s) adopted it; allowed it; consented to it; and defend it.[14]

Plaintiff filed his appellate motion for sanctions April 20, 2023 and supporting mandatory request for judicial notice of trial court order redacting the "damaging and clearly erroneous representations of his past criminal history" from the public record on September 14, 2023.  Yet, defendant(s) denied this mandatory

---

[13] For more details, *see* page 29 of operative complaint in Related Civil Action. Plaintiff is mindful of the *General Rules of Pleading* in Federal Rule of Civil Procedure 8 for "a short and plain statement of the claim showing that the pleader is entitled to relief."

[14] Despite the verbose complaint, this is still a sixty second case if applying the Golden Rule.  But this can cause cognitive dissonance, depending on the individual.

CIVIL COMPLAINT

1  request for judicial notice and colluded with defendants in the Related Civil Action

2  to disseminate the Clearly Erroneous Representations in the record on appeal and

3  ultimately via the worldwide web to disparage and discredit plaintiff permanently.[15]

4  **3) Motion to Recuse Presiding Appellate Justice**

5  Plaintiff file a motion to recuse the acting appellate presiding justice who was

6  solely responsible for the administrative ruling on the appellate motion for

7  sanctions and supporting request for judicial notice of the related trial court Order

8  redacting the Erroneous Representations from the public court record.

9  Def. Feuer had the motion for sanctions, which should be resolved in a few

10  minutes, for seven months and despite phone calls inquiring about its status, she did

11  not *give notice in writing if it is considering imposing sanctions* under California

12  Rule of Court 8.276 against the defendant/respondent and/or his attorney for: "(2)

13  Including in the record any matter not reasonably material to the appeal's

14  determination … or (4) Committing any other unreasonable violation of these

15  rules."

16  Additionally, Def. Feuer stonewalled ruling on the supporting request for

17  judicial notice of a trial court Order and judicially noticed matters, which was

18  mandatory under California Evidence Code § 451.  The writing was on the wall;

19  more bias was forthcoming so plaintiff filed a Motion to Recuse because "A judge

20  shall be disqualified if … A person aware of the facts might reasonably entertain a

21  doubt that the judge would be able to be impartial."  Code Civ. Proc., §

22  170.1(a)(6)(A)(iii); Code of Judicial Ethics, Canon 3E(1).  Def. Feuer abrogated her

23  duty to "without undue delay, inform the State Bar ... of credible evidence that

24  another lawyer has engaged in conduct involving dishonesty, fraud, deceit, or

25  reckless or intentional misrepresentation ... that raises a substantial question as to

26  that lawyer's honesty, trustworthiness."  *See* Rule 8.3 of the California Rules of

27

28

---

[15] "Judicial notice <u>shall</u> be taken of the following: (a) The decisional, constitutional, and public statutory law of this state . . . (b) Any matter made a subject of judicial notice."  Cal. Evid. Code § 451 (underline added).

CIVIL COMPLAINT

1    Professional Conduct - Reporting Professional Misconduct (effective August 1,
2    2023).

3        Malice and retaliation is evident because Def. Feuer admonished the plaintiff
4    for alleging bias in support of a Motion to Recuse whose prescience was spot on.
5    The plaintiff never lied or misrepresented anything.  Yet, Def. Feuer did nothing to
6    the defendant or his attorney for over forty blatant lies and misrepresentations
7    ("blatant" defined as can be irrefutably proven as a lie in under sixty seconds).  This
8    misconduct violates numerous ethical rules, rules of court, civil and criminal laws.

9        Def. Feuer misstated facts in her administrative ruling that the motion to
10   recuse was a personal ad hominem attack when in fact it did not include any names
11   and oral argument transcript proves none of justices or counsel or record even knew
12   who the presiding justice was at the relevant time. Def. Feuer also said the moving
13   papers did not identify the location of the Misrepresentations, also not true because
14   the location was identified in the moving papers, request for judicial notice she
15   denied and probably never reviewed, appellate oral argument, and since the
16   language at issue was quoted and was text-searchable in the Hijacked Settled
17   Statement it would have only taken a few seconds to conduct a CTRL-F search.

18   **4) May it Please the Court – Oral Argument November 30, 2023**

19       The transcript and video of the appellate oral argument November 30, 2023
20   are evidence from which a factfinder can infer collusion among the defendants.
21   When opposing counsel Haynes knows a judge is on board his blatant lies surface,
22   but when he knows the judge is not in the conspiracy, as with the new trial court
23   judge, he shuts up.  For example, in the last trial court briefing in 2023, plaintiff
24   identified over forty blatant lies in a single legal brief.  "Blatant" is defined as can
25   be irrefutably proven false in under one minute with documents in the record.  In
26   that scenario, respondent and his lawyer said nothing and did not even reply.  By
27   contrast, his blatant and repeated lies in the appellate oral argument did not disturb
28   those justices, who asked one no questions after he blurted lies again and were not

18

CIVIL COMPLAINT

insulted by the Clearly Erroneous Representations thirty seconds after admitting *I guess I made a mistake*.  An impartial and unknowing jurist would have been insulted and furious.  These justices said nothing when plaintiff pointed out he was lying again, for the sixth separate time since the Clearly Erroneous Representations started in September 2022.  The fact defendant(s) were indifferent and accepting is evidence of collusion and conspiracy to inject the false statements into the public court record on appeal.

The logical inference from this evidence is that defendants knew and were complicit; their response or lack thereof and questions or lack thereof are evidence they already knew and were not surprised by the audacity of repeating the same lies opposing counsel admitted thirty seconds before were "mistakes."

The proof of collusion is that at oral argument defendant(s) never questioned opposing counsel about the Erroneous Representations, and opposing counsel admitted *making a mistake* and then repeated the same Intentional Misrepresentations.  A factfinder can reasonably infer that without collusion or conspiracy, no attorney in their right mind would repeat the same defamation at issue right in front of the justices and victim after just admitting *making a mistake*.  The transcript and video of appellate oral argument evidences defendants' knowledge, state of mind, intent, consent, collusion and conspiracy.  Anyone can watch and see for themselves.

### 5)    Defendant Throws Judiciary Under the Bus to Harm Plaintiff

The only question from defendant(s) appeared to be a leading trick question to bait Haynes into lying to their faces:  "Mr. Haynes, do you believe the absolute litigation privilege protects your statements from sanctions?"  This is such an obvious answer "no" that defendant(s) appeared to be testing his veracity, but no, she was actually serious about deny sanctions citing the litigation privilege, the opposite of the law that "the litigation privilege does not apply to sanctions imposed by the trial court."  *In re Marriage of Anka & Yeager*, 31 Cal. App. 5th

CIVIL COMPLAINT

1115, 1121 (2019).

> the imposition of sanctions [is] an act expressly authorized by section 3111, subdivision (d) ... If the imposition of sanctions by the trial court were covered by the litigation privilege, the trial courts would have no control over litigation.

*Id.*

Defendant's rationale citing the litigation privilege would render meaningless every rule of court, Code of Civil Procedure, Civil Code, and rule of professional and judicial conduct that authorizes and sometimes requires judges to impose sanctions. "[C]ourts would have no control over litigation." *In re Marriage of Anka & Yeager*, 31 Cal.App.5th at 1121. Plaintiff does not reference this erroneous legal ruling for appellate review, but as a factual allegation that evidences the malicious intent and "conduct involving dishonesty, fraud, deceit" under Rule 8.3 of the Rules of Professional Conduct that "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

**6) Contention Procedure - California Rule of Court 10.1014. Oversight of administrative presiding justices (enacted September 1, 2023):**

> b) Contention procedure
> (1) Any person who contends that an administrative presiding justice or presiding justice has not properly addressed or managed an important matter related to the administration of a Court of Appeal or a division of a Court of Appeal may submit that contention to the administrative presiding justices.

Defendant(s), including Doe 1, did not respond to the contentions plaintiff submitted via e-mail AppellateRule10.1014@***.gov pursuant to Rule 10.1014 on November 27, 2023, December 4, 2023, and February 17, 2024.

**7) Rehearing Petition Filed March 1, 2024**

to Modify record on appeal and redact Clearly Erroneous Representations

**8) California Supreme Court, Defendant's Lawyer, Denies Petition for Review No S284356 May 29, 2024**

20

The conspiracy to discredit the plaintiff by disseminating *damaging and clearly erroneous representations of his past* in the public court record in violation of judicial notice, the Constitution, and the most basic functions of a judicial officer has been collusive, malicious, complicit, and pathetic.

## FRAUD OR DECEIT – INTENTIONAL MISREPRESENTATIONS - OPINIONS AS STATEMENTS OF FACT

Defendant(s) claimed to have special knowledge and did have special knowledge about the Intentional Misrepresentations, not as a casual expression of belief, but in a way that declared the matter to be true.

Defendant(s) had a relationship of trust and confidence with plaintiff as a litigant and Officer of the Court and the public to expect the plaintiff and public would rely upon defendant(s) opinion and certification of the Intentional Misrepresentations in the record on appeal.

## FRAUD OR DECEIT – INTENTIONAL MISREPRESENTATIONS MADE TO PERSONS OTHER THAN PLAINTIFF

Defendant(s) is responsible for certifying and publishing the Intentional Misrepresentations in the public court record, intending or reasonably expecting it would be repeated to plaintiff and others.

Defendant(s) knew and believed that others would reasonably understand the Intentional Misrepresentations pertained to the plaintiff.

## TAX FRAUD

On or about September 12, 2023, right in the middle of all this appellate litigation, the Plaintiff received an "Income Tax Due Notice" dated August 30, 2023 for Account No. *****8244 from the California Franchise Tax Board ("FTB") for the tax year 2020 in the amount of $11,890.15 (including interest, fees, and penalties) even though the plaintiff sold his residence in Neenach, California and relocated to Oklahoma in 2018 and derived no income from practicing law in California in 2019.

21

CIVIL COMPLAINT

1    Plaintiff has resided in Oklahoma since 2018 and only returned to California
2    in 2021 for the jury trial in the Underlying Civil Action.

3    Plaintiff maintained a mailing address for the State Bar and receiving
4    correspondence at Barrister Office Suites in Valencia, California and had not
5    received any other document, investigation, inquiry, notice, or communication from
6    FTB or anyone before receiving the fraudulent Income Tax Due Notice dated
7    August 30, 2023 for the tax year 2020.

8    The plaintiff suffered damages as a result of this fraudulent tax in the form of
9    mental and emotional distress and lost time.  The plaintiff spent two days
10   researching, drafting, assembling, and sending a declaration under penalty of
11   perjury with attached exhibits (38 pages total) on September 19, 2023 to the FTB
12   and communicating with a woman allegedly from FTB by phone. FTB in the
13   telephone call claimed the arbitrary "income tax bill" resulted from having an
14   occupational license (law license) and not filing a 2020 California income tax
15   return.  The plaintiff has been an active member in good standing with the State Bar
16   of California since 2001; resided outside of California half the time and never filed
17   California state income tax returns for years he did not derive income from
18   practicing law in California.  Yet, plaintiff never received any Income Tax Due
19   Notice or any other document or inquiry for any other year he did not file a
20   California tax return.

21   In October 2023, the FTB removed this fraudulent Income Tax after plaintiff
22   provided proof he did not reside in California since 2018 and declared he made no
23   income from practicing law in California for that calendar year.  The FTB
24   responded to the plaintiff's facsimile dated September 19, 2023 and oral request for
25   confirmation of the removal of this fraudulent income tax in an Information
26   Request Notice Dated October 16, 2023 that shows Account No. *****8244 with a
27   zero balance for taxes, penalties, collection fees, and interest for taxable year 2020.

28

CIVIL COMPLAINT

1    The tax fraud is on the face of the *Income Tax Due Notice*; however, the

2    purported reason triggering the bill was having an "occupational license" and not

3    filing a state tax return. This makes no sense. First, a license to practice law is a

4    professional license, not an occupational license. Second, the State Bar of

5    California collects annual fees from its members, not the FTB. Third, an

6    occupational license implies a regular, or annual fee, not an income tax. FTB stated

7    they had no proof the plaintiff moved out of California in 2018; but they also had

8    no proof plaintiff made a dime from practicing law for the taxable year 2020. This

9    kind of arbitrary attempted theft by the government is the kind of behavior last seen

10    in Nazi Germany.

11    It is no coincidence the only time a fraudulent Income Tax Due Notice for

12    having an active law license and not filing a state tax return was sent to the plaintiff

13    in the fall of 2023 (with late penalty fees) for the tax year 2020 was right in the

14    heart of this appellate and conspiracy to discredit and disparage plaintiff.

15    The repeated unconscionable arrogance of the defendants is consistent with

16    being arrogant enough to attempt something as insane and sadistic as this attempted

17    larceny through another government insider devoid of ethics like them. Before

18    anyone points a finger, what if it was you? What if it was you? What if it was you?

19    Just like plaintiff's motion to recuse accurately and truthfully stated, "The

20    hypocrisy is pathetic." What next treat him like a political prisoner and send him to

21    the gulag?[16]

22    It is no coincidence the law office of defendant Haynes and headquarters of

23    the Franchise Tax Board are in Sacramento.

24    It is no coincidence defendant Haynes in the Related Civil Action is a veteran

25    California litigator specializing in governmental affairs and former Chairman of the

26    Republican Party for the State of California and Republican State Senator.

27    It is no coincidence the plaintiff questioned and criticized the distribution of

28

---

[16] Clint Eastwood ("…day").

CIVIL COMPLAINT

1  community funds in the Rural Town Council to officers and members of the Rural

2  Town Council in violation of their own bylaws and Articles of Incorporation from

3  May 2014 to November 8, 2018, and made certain tax accounting errors.

4      It is no coincidence the plaintiff questioned defendant Skaggs regarding

5  matters relating to the Rural Town Council and Internal Revenue Service from May

6  2014 to November 8, 2018.

7      Using their network of government contacts and affiliations, the defendants

8  colluded and caused this fraudulent tax to retaliate against the plaintiff and continue

9  their conspiracy to defraud, defame, discredit, and destroy the plaintiff.  The fact

10 that some judicial officers with no dog in the fight and a job function to be impartial

11 or recuse are conspiring with Haynes and his client is simply unconscionable and

12 insane.  And again if anyone disagrees flip the script and see how fast the results

13 not only change, but become the opposite within seconds.

14     The fraudulent tax is similar to the double jury fee the original trial judge

15 who retired one day after plaintiff filed his Opening Appellant "Backwards Brief"

16 in *True Hollywood* fashion imposed after the jury trial, despite receipts and written

17 evidence showing plaintiff paid jury fees in full each day and after trial during jury

18 deliberations on a Friday in the heart of COVID-19 at 2:30 p.m. when every

19 courthouse in the nation was closed, and plaintiff wanted to walk back pass that bar

20 and keep trying the case.

21     The final evidence of defendants' collusion is the sound of crickets in the

22 Related Civil Action, no response, no denying the tax fraud allegations.

23     Defendants' conduct was outrageous with the intent to inflict severe

24 emotional distress, and did, and defendants were a substantial factor in causing

25 these damages.

26                              **DAMAGES**

27     Plaintiff has suffered actual economic and non-economic damages such as

28 loss of income in excess of hundreds of thousands of dollars, lost several years of

life, damage to reputation, out of pocket expenses exceeding $30,000, continues to suffer damages, and will suffer lifelong irreversible damages because of the intentional, premeditated, and repeated tortious, unethical, and criminal actions. Plaintiff has suffered severe emotional pain and distress, including but not limited to shock, shame, nervousness, horror, fright, worry, grief, anguish, mood swings, anger, violent ideation, anxiety, depression, humiliation, paranoia, intrusive thoughts, homicidal ideation, cognitive dissonance, gaslighting, sleep deprivation, and mania.  The emotional and mental pain and suffering have caused and/or contributed to physical deterioration and injury such as insomnia, nausea, vomiting, headaches, and migraines.

The Intentional Misrepresentations have been seen over the internet and understood by hundreds if not thousands, including but not limited to persons associated with the public court record.  Some lies already reached the internet and were twisted in an internet search result into *child sexual assault*, as reflected in a document in the record on appeal, words never used before in any document. Defendants know this because it is in the papers they received and record on appeal.

Plaintiff faces immediate irreparable harm, especially in returning to work in law enforcement within the United States Department of Justice or elsewhere.

Over the last couple years there has been a significant downward spiral of trust and respect for government institutions.  The problem becomes like the boy who cried wolf because once down that rabbit hole, citizens may not trust or believe the government even when telling the truth.  This case exacerbates that problem, and for what purpose?[17]

The appellate opinion issued February 16, 2024 also intentionally misstates factual matters in order to make the defamation in the Underlying Civil Action

---

[17] Defendant(s) got the wrong guy, backed the wrong horse.  The original defendant and his lawyer laugh because they are married men in their 70s and 80s taking Town Council money annually from a poor rural community to "vacation" with young girls in the Philippines. Plaintiff takes care of rescue animals and could not accept the invitation. The out of the blue fabricated crimes were likely projection.  FBI raided King Richard of Neenach, not plaintiff.

CIVIL COMPLAINT

1    appear true.  This was done in retaliation to plaintiff's Motion to Recuse for bias

2    because it was spot on and the truth hurts.  Defendant(s) admonished the truth teller

3    in retaliation to filing an appropriate legal motion to recuse for bias, and did nothing

4    to the pathological liar with over forty-five documented and blatant lies that

5    continues in the Related Civil Action.[18]  Defendant(s) falsely claimed the motion to

6    recuse included a personal ad hominem attack against a justice, when in fact the

7    motion did not even identify the name of any justice.  One need only review the

8    appellate oral argument transcript and video in the very beginning to know that

9    none of the attorneys of record or justices knew who the Presiding Justice at the

10   time was.  The only person who identified a name and made anything personal was

11   the defendant(s) in her ruling.  The motion to recuse for bias, a common statutory

12   standard, stated generally:  "The hypocrisy is pathetic."  If that is improper and

13   worthy of admonishment under these circumstances, then there is a much deeper

14   problem this case cannot resolve.

15        The irrefutable evidence is well documented on the record in writing.  These

16   malicious attacks have been unprovoked while the plaintiff has resided half a

17   country away in Oklahoma since 2018 minding his own business.  The hypocrisy is

18   unparalleled and unlawful under the most basic California Rules of Professional

19   Conduct, California Rules of Court, Code of Judicial Conduct, tort laws, criminal

20   laws, and the Ten Commandments (thou shall not bear false witness upon they

21   neighbor).

22                        **<u>IRONY OR HYPOCRISY?</u>**

23        The lawyer for the defendant(s) is the Chief Justice of the California

24   Supreme Court / Chair of the California Judicial Council, the policymaking body of

25   California courts, the largest court system in the nation, "responsible for ensuring

26   the consistent, independent, impartial, and accessible administration of justice."  The

---

[18] At what price and for what purpose would defendants violate so many laws to beat a dead horse half a country away minding his own business?  Why wake the gimp up?  El gimp suele cabalgar solo, pero ¿qué pasa si se le une el calvario de nuestro tío?  Pero si quieren bailar, entonces vamos a bailar.

CIVIL COMPLAINT

1   Judicial Council promulgates rules of court, professional and judicial conduct, and

2   administration such as the recently enacted contention procedure in California Rule

3   of Court 10.1014. Oversight of administrative presiding justices (adopted effective

4   September 1, 2023) and Rule 8.3 of the California Rules of Professional Conduct -

5   Reporting Professional Misconduct (effective August 1, 2023) that requires

6   California attorneys:

7               without undue delay, inform the State Bar ... of credible

8               evidence that another lawyer has committed a criminal act

9               or has engaged in conduct involving dishonesty, fraud,

10              deceit, or reckless or intentional misrepresentation ... that

11              raises a substantial question as to that lawyer's honesty,

12              trustworthiness.[19]

13  https://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Ethics/Rule-83-Required-

14  Reporting.

15      The Chief Justice is aware of the *dishonesty, fraud, deceit*, but rejects claims

16  instead of redacting and reporting the deceit (to herself?), and now defends the

17  deceit.[20]  The Chief Justice and Judicial Council should protect the rule of law they

18  wrote more than a judicial officer that violates them. Under California Business &

19  Professions Code section 6128, "Every attorney is guilty of a misdemeanor who

20  either: (a) Is guilty of any deceit or collusion, or consents to any deceit or collusion,

21  with intent to deceive the court."  California Civil Code section 1710 (fraud)

22  defines deceit as:

23      1. The suggestion, as a fact, of that which is not true, by one who does
        not believe it to be true;

24

25      2. The assertion, as a fact, of that which is not true, by one who has no

26  _____
    [19] Apparently the authors of the laws and state judges are exempt a priori; so much for leading by example and equal
    protection under the laws.

27  [20] El Presidente del Tribunal Supremo tiene la misma edad que el demandante y se parece a él lo suficiente como
    para ser su hermana. Nuestro Tío Sam no quiere una pelea, pero si quiere unirse al baile, plaintiff stipulates to no
28  objection to any conflict of interest.

CIVIL COMPLAINT

1    reasonable ground for believing it to be true.

2        Defendant(s) at all times knew and believed the Erroneous Representations

3    were false.  Defendant did not have any reasonable ground for believing them to be

4    true.

5        The opposing counsel who fabricated them admitted they were false at the

6    appellate oral argument November 30, 2023, and the defendant knew the new trial

7    court judge redacted what her Order described as "damaging and clearly erroneous

8    representations of his past criminal history" from the public court record.

9        It is the duty of an attorney …:

10
11    (c) To counsel or maintain those actions, proceedings, or
     defenses only as appear to him or her legal or just …

12
13    (d) To employ, for the purpose of maintaining the causes
     confided to him or her those means only as are consistent
14   with truth, and never to seek to mislead the judge or any
     judicial officer by an artifice or false statement of fact or
15   law.

16    …

17
18    (f) To advance no fact prejudicial to the honor or reputation
     of a party or witness ….

19   Cal. Bus. & Prof. Code § 6068.  Attorneys have been disbarred for less egregious

20   conduct *involving dishonesty, fraud, deceit*.[21]

21

22                    **PRAYER FOR RELIEF**

23        Monetary damages against the defendant in her individual capacity in the

24   amount of $1,108,773 dollars.

25

26   ---
     [21] *In re Wyshak*, 4 Cal. State Bar Ct. Rept. 70, 78, 81 (Rev. Dept. 1999) an attorney was disbarred for encouraging a
     false sexual harassment claim to induce the opposing party to drop an unlawful detainer action against his client.
27   Here, the attorneys did more than encourage false claims; they fabricated and repeatedly false claims, even after
     multiple objections, motions, request for judicial notice, demands to retract, and knowing their life-threatening
28   impact once transferred from text-searchable court records to the WorldWide Web (internet). Cal. Penal Code §
     653.2.

                         28

1    Punitive damages determined by a jury.

2    Injunctive relief and specific performance to redact or remove the text-

3    searchable Erroneous Representations from the public court record and internet and

4    equitable estoppel to enjoin defendant(s) from publishing the Erroneous

5    Representations in the public court record or elsewhere again.

6    Declaration that defendant did not have the authority to certify the Erroneous

7    Representations in the record on appeal, especially knowing they were false

8    fabrications that altered judicial notice and official government records because

9    such actions or omissions violate plaintiff's Constitutional rights and are not within

10   the defendant's jurisdiction, capacity, function, or authority.

11   Declaration that misconduct described herein was under color of state law

12   and deprived a citizen of rights "secured by the Constitution and laws." 42 U.S.C. §

13   1983.

14                         **CONCLUSION**

15   The federal judiciary should not have to address equitable relief when the

16   defendant(s) could apply common sense and decency by doing the right thing sua

17   sponte by mirroring the state trial court's redactions.

18   The fact that plaintiff must file a federal lawsuit to correct this blatant

19   injustice shocks the conscience.

20   The longer the Intentional Misrepresentations are in the public sphere, the

21   more likely they will enter the one-way black hole of the internet and do irreparable

22   harm.  This is not hypothetical or unripe hyperbole; it already happened in this case

23   and another case.

24   To avoid unnecessary judicial intervention, the defendant should mirror the

25   trial court redactions sua sponte.  Doing otherwise is ongoing proof of malicious

26   intent.  Denying this simple request that should have been done sua sponte instead

27   of denying the Petition for Rehearing March 12, 2024, and ignoring the threat of

28

29

CIVIL COMPLAINT

federal court intervention, the defendant(s) snubs the rule of law, a litigant, an officer of the court, and snubs the Constitution and federal judiciary.

Ironically, in the last sentence of the libelous e-mail at issue in the Underlying Defamation Action, the defendant Richard Skaggs pontificates, "Please remember … the truth will set you free."


February 18, 2025        Plaintiff In Propria Persona /s/ Paul Henreid

CIVIL COMPLAINT

1

2

## CERTIFICATION AND CLOSING

3

4      Under Federal Rule of Civil Procedure 11, by signing below, I certify to the

5  best of my knowledge, information, and belief that this complaint: (1) is not being

6  presented for an improper purpose, such as to harass, cause unnecessary delay, or

7  needlessly increase the cost of litigation; (2) is supported by existing law or by a

8  nonfrivolous argument for extending, modifying, or reversing existing law; (3) the

9  factual contentions have evidentiary support or, if specifically so identified, will

10  likely have evidentiary support after a reasonable opportunity for further

11  investigation or discovery; and (4) the complaint otherwise complies with the

12  requirements of Rule 11.

13      I agree to provide the Clerk's Office with any changes to my address where

14  case related papers maybe served. I understand that my failure to keep a current

15  address on file with the Clerk's Office may result in the dismissal of my case.

16

17      February 18, 2025        Plaintiff In Propria Persona /s/ Paul Henreid

18

19

20

21

22

23

24

25

26

27

28

31

CIVIL COMPLAINT